___ FILED       ✓ LODGED
___ RECEIVED   ___ COPY

SEP 2 6 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X FILED        ___ LODGED
___ RECEIVED   ___ COPY

FEB 0 6 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

JOSH PATRICK PARECKI
Assistant U.S. Attorney
Arizona State Bar No. 023750
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Josh.Parecki@usdoj.gov

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>    v.<br><br>Jeffrey Harbin,<br><br>              Defendant. | CR 11-0163-PHX-NVW<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Jeffrey Harbin, hereby agree to dispose of this matter on the following terms and conditions:

**1.     PLEA**

The defendant will plead guilty to **Counts 1** of the Indictment charging the Defendant with a violation of 26 United States Code (U.S.C.) §§ 5861(d) & 5871 (Unlawful Possession of Unregistered Destructive Devices), a Class C felony offense, and **Count 3** of the Indictment charging the defendant with a violation of 18 U.S.C. §§ 842(a)(3)(A) & 844(a)(1) (Unlawful Transportation of Explosive Materials), a Class C felony offense.

**2.     MAXIMUM PENALTIES**

a.     A violation of 26 U.S.C. §§ 5861(d) & 5871 (Unlawful Possession of Unregistered Destructive Devices), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of 3 years. A maximum term of probation is five years.

b.     A violation of 18 U.S.C. §§ 842(a)(3)(A) & 844(a)(1) (Unlawful Transportation of Explosive Materials), is punishable by a maximum fine of $250,000, a maximum term of



1  imprisonment of 10 years, or both, and a term of supervised release of 3 years.  A maximum
2  term of probation is five years.

3        c.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform
4  Act of 1984, the Court shall order the defendant to:

5              (1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663
6  and/or 3663A, unless the Court determines that restitution would not be appropriate;

7              (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine
8  is not appropriate;

9              (3)     serve a term of supervised release when required by statute or when a
10  sentence of imprisonment of more than one year is imposed (with the understanding that the
11  Court may impose a term of supervised release in all other cases); and

12             (4)     pay upon conviction a $100 special assessment for each count to which the
13  defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

14       d.      The Court is required to consider the Sentencing Guidelines in determining the
15  defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free
16  to exercise its discretion to impose any reasonable sentence up to the maximum set by statute
17  for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

18       e.      The defendant recognizes that pleading guilty may have consequences with respect
19  to his immigration status if defendant is a recently naturalized United States citizen or is not a
20  citizen of the United States.  Under federal law, a broad range of crimes are removable offenses,
21  including the offense(s) to which defendant is pleading guilty.  Removal and other immigration
22  consequences are the subject of a separate proceeding, however, and defendant understands that
23  no one, including defendant's attorney or the district court, can predict to a certainty the effect
24  of defendant's conviction on defendant's immigration status in the United States.  Defendant
25  nevertheless affirms that he wants to plead guilty regardless of any immigration consequences
26  that this plea may entail, even if the consequence is defendant's automatic removal from the
27  United States.

28

3.      **AGREEMENTS REGARDING SENTENCING**

      a.      <u>Stipulation.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that Defendant's sentence shall not exceed a term of five (5) years' incarceration (60 months).

      b.      <u>Assets.</u>  The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest.  The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

      c.      <u>Acceptance of Responsibility.</u>  If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4.      **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

      a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the following charges: Count 2 of the Indictment.

      b.      This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5.      **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

      If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

      If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to

1  prosecute the defendant for all crimes of which it then has knowledge and any charges that have

2  been dismissed because of this plea agreement shall automatically be reinstated.  In such event,

3  the defendant waives any and all objections, motions, and defenses based upon the Statute of

4  Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or

5  proceedings. The defendant understands that any statements made at the time of the defendant's

6  change of plea or sentencing may be used against the defendant in any subsequent hearing, trial,

7  or proceeding subject to the limitations of Fed. R. Evid. 410.

8  **6.      WAIVER OF DEFENSES AND APPEAL RIGHTS**

9              Providing the defendant's sentence is consistent with this agreement, the defendant

10  waives (1) any and all motions, defenses, probable cause determinations, and objections that the

11  defendant could assert to the indictment or information; and (2) any right to file an appeal, any

12  collateral attack, and any other writ or motion that challenges the conviction, an order of

13  restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the

14  defendant's sentence, including the manner in which the sentence is determined, including but

15  not limited to any appeals under 18 U.S.C. § 3742 and motions under 28 U.S.C. §§ 2241 and

16  2255. The defendant acknowledges that if the Court has sentenced the defendant according to

17  the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral

18  attack, or other motion the defendant might file challenging the conviction, order of restitution

19  or forfeiture, or sentence in this case.

20              Waiver of Preservation of Biological Sample.  Pursuant to 18 U.S.C. § 3600A, the

21  defendant knowingly and voluntarily waives the right to request DNA testing of any biological

22  evidence in this case and understands that biological evidence collected by the United States will

23  be destroyed after sentencing.

24  **7.      DISCLOSURE OF INFORMATION**

25              a.      The United States retains the unrestricted right to provide information and make

26  any and all statements it deems appropriate to the U.S. Probation Office and to the Court in

27  connection with the case.

28

4

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.   Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.      ELEMENTS**

**Count 1: Unlawful Possession of Unregistered Destructive Devices**

On or about January 14, 2011, in the District of Arizona:

1.      The improvised explosive devise is a firearm (destructive device); that is, an explosive grenade;

2.      Defendant knew the characteristics of the firearm (destructive device), that is, that it was an explosive grenade;

3.      The firearm (destructive device) was in operating condition; and

4.      The firearm (destructive device) was not registered to Defendant in the National Firearms Registration and Transfer Record.

//

//

**Count 3: Unlawful Transportation of Explosive Materials**

On or about January 14, 2011, in the District of Arizona:

1.      Defendant transported explosive materials; and

2.      Defendant did not have a license, issued by the Secretary of the Treasury, permitting him to transport explosive materials.

**10.    FACTUAL BASIS**

The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> On or about January 14, 2011 in the District of Arizona, I knowingly possessed and transported an unregistered destructive device, that is, a grenade-like object built using a Polyvinyl Chloride ("PVC") encasement filled with a powder consistent with black powder, ball bearings and an improvised fusing system. This destructive device constituted explosive material, and I did not have a permit or license that would allow me to transport explosive material.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

1    I have been advised by my attorney of the nature of the charges to which I am entering
2    my guilty plea.  I have further been advised by my attorney of the nature and range of the
3    possible sentence and that my ultimate sentence shall be determined by the Court after
4    consideration of the advisory Sentencing Guidelines.

5    My guilty plea is not the result of force, threats, assurances, or promises, other than the
6    promises contained in this agreement. I voluntarily agree to the provisions of this agreement and
7    I agree to be bound according to its provisions.

8    I understand that if I am granted probation or placed on supervised release by the Court,
9    the terms and conditions of such probation/supervised release are subject to modification at any
10   time. I further understand that if I violate any of the conditions of my probation/supervised
11   release, my probation/supervised release may be revoked and upon such revocation,
12   notwithstanding any other provision of this agreement, I may be required to serve a term of
13   imprisonment or my sentence otherwise may be altered.

14   This written plea agreement, and any written addenda filed as attachments to this plea
15   agreement, contain all the terms and conditions of the plea.  Any additional agreements, if any
16   such agreements exist, shall be recorded in a separate document and may be filed with the Court
17   under seal; accordingly, additional agreements, if any, may not be in the public record.

18   I further agree that promises, including any predictions as to the Sentencing Guideline
19   range or to any Sentencing Guideline factors that will apply, made by anyone (including my
20   attorney) that are not contained within this written plea agreement, are null and void and have
21   no force and effect.

22   I am satisfied that my defense attorney has represented me in a competent manner.

23   I fully understand the terms and conditions of this plea agreement.  I am not now using
24   or under the influence of any drug, medication, liquor, or other intoxicant or depressant that
25   would impair my ability to fully understand the terms and conditions of this plea agreement.

26
27   _2/27/11_____        _____
     Date                        Jeffrey Harbin
28                               Defendant

7

1

## APPROVAL OF DEFENSE COUNSEL

2    I have discussed this case and the plea agreement with my client in detail and have
3    advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional
4    and other rights of an accused, the factual basis for and the nature of the offense to which the
5    guilty plea will be entered, possible defenses, and the consequences of the guilty plea including
6    the maximum statutory sentence possible.  I have further discussed the concept of the advisory
7    Sentencing Guidelines with the defendant.  No assurances, promises, or representations have
8    been given to me or to the defendant by the United States or any of its representatives that are
9    not contained in this written agreement.  I concur in the entry of the plea as indicated above and
10   that the terms and conditions set forth in this agreement are in the best interests of my client.  I
11   agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all
12   the requirements of Fed. R. Crim. P. 11.

13

14   _8/27/11_   _(9/26/11_
     Date

15                                          Philip Seplow
                                            Attorney for Defendant
16

17

## APPROVAL OF THE UNITED STATES

18   I have reviewed this matter and the plea agreement.  I agree on behalf of the United States
19   that the terms and conditions set forth herein are appropriate and are in the best interests of
20   justice.

21

22                                          ANN BIRMINGHAM SCHEEL
                                            Acting United States Attorney
23                                          District of Arizona

24   _9|26|11_

25   Date                                   JOSH PATRICK PAREGKI
                                            Assistant U.S. Attorney
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ACCEPTANCE BY THE COURT

2·6·12

Date

Neil V. Wake
United States District Judge

9